**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **TEX PAT, LLC,**<br>    *Relator*,<br>            v.<br><br>**(1) TYCO INTERNATIONAL LTD.,**<br>**(2) TYCO FIRE PRODUCTS LP,**<br>**(3) GRINNELL LLC,**<br>**(4) CENTRAL SPRINKLER COMPANY,**<br>    *Defendants*. | Civil Action No. 5:11-CV-050<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

Relator Tex Pat, LLC ("Relator") makes the following allegations against Tyco International Ltd., Tyco Fire Products LP, Grinnell LLC, and Central Sprinkler Company (collectively, "Tyco" or "Defendant"):

**NATURE OF THE ACTION**

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

**PARTIES**

2. Relator is a Texas limited liability company, having a principal place of business at 2300 Richmond, Suite 345, Houston, Texas 77098-3265. Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265, as its agent for service of process.

3. On information and belief, defendant Tyco International Ltd. is a Swiss corporation with its principal place of business at Freier Platz 10, CH-8200, Schaffhausen, Switzerland. On information and belief, Tyco International Ltd. may be served at Freier Platz 10, CH-8200, Schaffhausen, Switzerland, via an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4. On information and belief, Tyco Fire Products LP is a subsidiary of Tyco International Ltd., and is a Delaware limited partnership. Tyco Fire Products LP has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

5. On information and belief, Grinnell LLC is a subsidiary of Tyco International Ltd., and is a Delaware company. Grinnell LLC has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

6. On information and belief, Central Sprinkler Company is a subsidiary of Tyco International Ltd., and is a Pennsylvania corporation. Central Sprinkler Company has appointed CT Corporation System, as its agent for service of process.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

9. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

**FACTS**

10. Tyco has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,014,388 ("the '388 Patent"), a true and correct copy of which is attached as Exhibit A, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, The ILLUSION™ 11.2 K-factor Quick Response Extra Large Orifice Concealed Pendent Sprinkler products, as illustrated in Exhibit B.

11. The '388 Patent (Exhibit A), which is titled "Concealed Sprinkler Assembly," was filed in the United States on June 21, 1976 and issued on March 29, 1977.

12. The '388 Patent was assigned to named defendant Central Sprinkler Company.

13. The '388 Patent expired, at the very latest, on June 21, 1996.

14. When the '388 Patent expired, all future rights in that patent ceased to exist.

15. Subsequent to expiration of the '388 Patent, Tyco has and/or continues (and/or has and/or continues to cause others)[1] to mark upon, affix to, and/or use in advertising the '388 Patent in combination with The ILLUSION™ 11.2 K-factor Quick Response Extra

---

[1] *See* Exhibit B (indicating document authored by "ottinger").

Large Orifice Concealed Pendent Sprinkler products. *See, e.g.*, Exhibit B (containing product literature, which was available on Tyco's website at or near the time of filing this original complaint,[2] bearing a copyright of 2008, having an electronic creation date of May 6, 2008 at 8:18:52 AM and an electronic modification date of May 7, 2008 at 1:46:32 PM, and marking, affixing, and/or advertising The ILLUSION$^{TM}$ 11.2 K-factor Quick Response Extra Large Orifice Concealed Pendent Sprinkler products in combination with the '388 Patent).

16. Tyco has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,580,729 ("the '729 Patent"), a true and correct copy of which is attached as Exhibit C, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Model ESFR-25 Early Suppression Fast Response Pendent Sprinklers 25.2 K-factor and Model ESFR-17 Early Suppression, Fast Response Upright Sprinklers 16.8 K-factor products, as illustrated in Exhibit D-E, respectively.

17. The '729 Patent (Exhibit C), which is titled "Sprinkler Head with Improved Spray Uniformity," was filed in the United States on January 22, 1985 and issued on April 8, 1986.

18. The '729 Patent was assigned to related entity Grinnell Corporation.

19. The '729 Patent expired, at the very latest, on January 22, 2005.

20. When the '729 Patent expired, all future rights in that patent ceased to exist.

---

[2] Tyco's website, http://www.tyco-fire.com/TFP_common/TFBP_ILLUSION.pdf (last visited Feb. 21, 2011).

21. Subsequent to expiration of the '729 Patent, Tyco has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '388 Patent in combination with Model ESFR-25 Early Suppression Fast Response Pendent Sprinklers 25.2 K-factor products.  *See, e.g.*, Exhibit D (containing product literature, which was available on Tyco's website at or near the time of filing this original complaint,[3] bearing a printed on date of June 2007, having an electronic creation date of June 29, 2007 at 10:11:52 AM and an electronic modification date of September 29, 2007 at 10:56:38 AM, and marking, affixing, and/or advertising the Model ESFR-25 Early Suppression Fast Response Pendent Sprinklers 25.2 K-factor products in combination with the '729 Patent).

22. Subsequent to expiration of the '729 Patent, Tyco has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '729 Patent in combination with Model ESFR-17 Early Suppression, Fast Response Upright Sprinklers 16.8 K-factor products.  *See, e.g.*, Exhibit E (containing product literature, which was available on Tyco's website at or near the time of filing this original complaint,[4] bearing a printed on date of October 2009, having an electronic creation date of November 17, 2009 at 2:08:50 PM and an electronic modification date of November 17, 2009 at 2:09:21 PM, and marking, affixing, and/or advertising the Model ESFR-17 Early Suppression, Fast Response Upright Sprinklers 16.8 K-factor products in combination with the '729 Patent).

---

[3] Tyco's website, www.tyco-fire.com/TD_TFP/Gem/TFP312_06_2007.pdf (last visited Feb. 21, 2011).

[4] Tyco's website, www.tyco-fire.com/TD_TFP/TFP/TFP316_10_2009.pdf  (last visited Feb. 21, 2011).

23. Tyco is a large, sophisticated company. *See, e.g.*, Exhibit F at p. 1 (containing, in part, Tyco International Ltd's 2010 10-K, indicating that Tyco International Ltd. "is a diversified, global company that provides products and services to customers in various countries throughout the world").

24. Tyco has, and routinely retains, sophisticated legal counsel. *See, e.g.*, Exhibit F at p. 16 (indicating that Tyco is "subject to a significant number of claims and [is] named as a defendant in numerous lawsuits, including . . . litigation alleging the infringement of intellectual property rights, [and] litigation alleging anti-competitive behavior").

25. Tyco has decades of experience applying for, obtaining, licensing, and/or litigating patents. *See, e.g.*, Exhibit F at p. 9 (indicating that Tyco " own[s] a portfolio of patents that principally relates to: electronic security systems; fire protection products and systems, including fire detection and fire suppression with chemical, gas, foam and water agents, piping, couplings, fittings for fluid systems; personal protective products and systems for fire and other hazards; integrated systems for surveillance and control of public transportation and other public works; structural and electrical tubing and conduit; building structural members, panels and related fixtures; fire-rated and armored electrical cabling; heat tracing and floor heating systems; security wire and fencing; and flow control products, including valves, actuators and controllers and airflow control and sensing products").

26. Tyco knows, and at the very least reasonably should know, that the above expired patents do not cover any of the above Tyco products, or any products whatsoever. *See, e.g.*, Exhibit F at p. 9 (acknowledging Tyco's knowledge of patent expiration by indicating that "[p]atents for individual products extend for varying periods according to

the date of patent filing or grant and the legal term of patents in the various countries where patent protection is obtained").

27. As a result of its false marking, Tyco has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement.

## CLAIM

28. Relator incorporates paragraphs 1–27, as if fully set forth herein. Tyco has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including The ILLUSION$^{TM}$ 11.2 K-factor Quick Response Extra Large Orifice Concealed Pendent Sprinkler, Model ESFR-25 Early Suppression Fast Response Pendent Sprinklers 25.2 K-factor, and Model ESFR-17 Early Suppression, Fast Response Upright Sprinklers 16.8 K-factor products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).    An award of pre-judgment and post-judgment interests on any monetary award;

(e).    An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 22, 2011                              Respectfully submitted,

By: /s/ Hao Ni
Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

-9-

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEX PAT, LLC**